## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **ANDREA IDE, on behalf of herself** | ) | |
| **and all other persons similarly situated,** | ) | |
| **known and unknown,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action** |
| | ) | **File No.** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **NEIGHBORHOOD RESTAURANT** | ) | |
| **PARTNERS, LLC, and APPLE CREEK** | ) | |
| **MANAGEMENT COMPANY, INC.,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Plaintiff Andrea Ide, on behalf of herself and all other persons similarly

situated, known and unknown, through her attorneys and for her complaint against

Defendants Neighborhood Restaurant Partners, LLC and Apple Creek Management

Company, Inc. ("Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.      This lawsuit arises under the Fair Labor Standards Act (FLSA, or the

"Act"), 29 U.S.C. §201, *et seq.,* for Defendants' failure to pay Plaintiff and other

similarly-situated employees earned minimum wages.  Defendants Apple Creek Management Company, Inc. and Neighborhood Restaurant Partners, LLC have owned or currently own more than 30 Applebee's restaurants in Georgia.

2.      Plaintiff and other similarly-situated, current and former tipped employees worked for Defendants as servers, hosts and bartenders. Defendants pay their tipped employees sub-minimum hourly wages under the tip-credit provisions of the FLSA.  Those provisions permit employers of tipped employees to pay wage rates less than the minimum wage, so long as employers comply with other requirements of the tip-credit provisions.  29 U.S.C. §203(m).  Defendants failed to comply with those requirements, and thus violated federal minimum wage laws. Defendants have a policy of regularly requiring tipped employees, paid sub-minimum, tip-credit wages, to perform an array of duties outside the duties of their tipped occupations.  Further, Defendants failed to inform their tipped employees of the provisions of the tip credit subsection of the Act, also in violation of Section 203(m).

**JURISDICTION AND VENUE**

3.      This Court has original jurisdiction over Plaintiff's FLSA claim under 28 U.S.C. §1331.

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the events and omissions giving rise to this action occurred in this district.

**THE PARTIES**

6.     Plaintiff resides in and is domiciled in this judicial district.  Plaintiff is employed as a server at the Applebee's restaurant located at 655 Duluth Highway in Lawrenceville, Georgia, currently owned and operated by Defendant Neighborhood Restaurant Partners, LLC. Plaintiff has worked for Defendants as a server, including for Apple Creek Management Company, Inc., since May 2002.

7.     Defendant Neighborhood Restaurant Partners, LLC is a Georgia limited liability company authorized to do business in Georgia, with its principal place of business located at 6620 McGinnis Ferry Road, Duluth, GA 30097.

8.     Defendant Apple Creek Management Company, Inc., is a Georgia corporation authorized to do business in Georgia, with its principal place of business located at 6620 McGinnis Ferry Road, Duluth, GA 30097.

9.     Defendants own and operate more than 30 Applebee's restaurants in Georgia. http://applebeesatlanta.com/locations.

-3-

10.     During the last three years, Plaintiff has been Defendants' "employee" as defined by the FLSA.  29 U.S.C. §203(d).

11.     During the last three years, Defendants have been Plaintiff's "employer" as defined by the FLSA.  29 U.S.C. §203(d).

12.     At no time during her employment by Defendants has Plaintiff been exempt from the minimum wage provisions of the FLSA.

13.     Defendants are each an "enterprise" as defined by the FLSA, 29 U.S.C. §203(r)(1), and are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act.  29 U.S.C. §203(s)(1).

14.     The annual gross volume of sales made or business done by Defendants in each of the last three years exceeds $500,000, exclusive of excise taxes.  During the course of her employment by Defendants, Plaintiff has handled goods, including perishable produce and food products that move in interstate commerce.

15.     Plaintiff and similarly-situated persons are current and former employees who worked for Defendants as servers and in other tipped positions ("tipped employees"), and were paid a "tip credit," or sub-minimum wage hourly rate of pay.

-4-

16.     Plaintiff and other persons who worked as tipped employees for Defendants are similarly situated to one another because they all worked under common employment policies and were subject to the same compensation plan, including Defendants' policy of requiring tipped employees to perform duties outside the scope of tipped occupations, while paying those employees at the tip-credit wage rate.

17.     On information and belief, Defendants employed more than 500 persons as tipped employees in Georgia within the last three years.

### COUNT I
### Violation of the Fair Labor Standards Act – Minimum Wages
### Collective Action Under 29 U.S.C. §216(b)

Plaintiff hereby realleges and incorporates paragraphs 1 through 17 of this Complaint, as if fully set forth herein.

18.     This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. §206, for the failure to pay Plaintiff and other similarly-situated tipped employees minimum wages.

19.     Plaintiff brings this Count as a collective action under the Act. 29 U.S.C. §216(b). A copy of Plaintiff's consent form to act as a representative plaintiff is attached hereto as Exhibit A.

20.     Plaintiff and other similarly-situated employees worked as servers and in other tipped positions.  Defendants paid those employees a 'tip credit' rate less than the full federal minimum wage.

21.     An employer may take a tip credit on the wages of a "tipped employee" if the employee receives customer tips in an amount that, together with the sub-minimum wage, equals the minimum hourly wage.  29 U.S.C. §203(m). The tip credit provision does not apply to a tipped employee unless: (1) the employer has informed the employee of the provisions of the tip credit subsection; and (2) the employee retains all tips received by the employee, except that the pooling of tips among tipped employees is permitted. 29 U.S.C. §203(m).  "'Tipped employee' means any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." *Driver v. AppleIllinois, LLC*, No. 06 C 6149, 2012 U.S. Dist. LEXIS 121332, *5 (Aug. 27, 2012) *quoting* 29 U.S. C. § 203(t).

22.     Defendants have a practice of regularly utilizing servers and other tipped employees to perform duties outside the scope of tipped occupations, while paying those employees at the tip-credit wage rate.

23.     Although Defendants took the tip credit by paying Plaintiff and the other tipped employees less than the minimum hourly wage, Defendants did not inform Plaintiff and their other tipped employees of the provisions of the tip-credit subsection.  29 U.S.C. § 203(m).

24.     Defendants' practices violate the minimum wage provisions of the FLSA by failing to compensate Plaintiff and other tipped employees consistent with the minimum wage provisions of the Act.

25.     Plaintiff and other tipped employees of Defendants are entitled to recover unpaid minimum wages for a period of three years, because Defendants' violations of the FLSA are willful.

WHEREFORE, Plaintiff, for herself and on behalf of all similarly-situated persons, prays for judgment against Defendants as follows:

A     all minimum wages due as provided by the FLSA;

B.     liquidated damages in an amount equal to the amount of unpaid minimum wages;

C.     reasonable attorneys' fees and costs incurred in prosecuting this action; and

D.     such other and further relief as this Court deems just and proper.

This 15th day of February, 2013.

                    Respectfully submitted,

                    s/Amanda A. Farahany
                    Georgia Bar No. 646135
                    V. Severin Roberts
                    Georgia Bar No. 940504
                    Two of the Attorneys for Plaintiff

Amanda A. Farahany
Georgia Bar No. 646135
V. Severin Roberts
Georgia Bar No. 940504
Barrett & Farahany, LLP
1100 Peachtree St. N.E., Suite 500
Atlanta, GA 30309
Phone: 404/214-0120

Douglas M. Werman – dwerman@flsalaw.com
Werman Law Office, P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
312/419-1008

Jamie G. Sypulski - jsypulski@sbcglobal.net
Law Office of Jamie G. Sypulski
150 North Michigan Avenue, Suite 1000
Chicago, Illinois 60601
312/360-0960

Attorneys for Plaintiff