UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANDREA IDE, on behalf of herself and all other persons similarly situated, known and unknown,<br><br>    Plaintiff,<br><br>v.<br><br>NEIGHBORHOOD RESTAURANT PARTNERS, LLC, and APPLE CREEK MANAGEMENT COMPANY, INC.,<br><br>    Defendants. | CIVIL ACTION<br>No. 1:13-cv-00509-SCJ |

### ORDER

This matter is before the Court on Defendant Neighborhood Restaurant Partners, LLC's ("NRP") Motion to Dismiss [Doc. No. 17] and Defendant Apple Creek Management Company, Inc.'s ("ACMC") Motion to Dismiss [Doc. No. 18].

NRP filed its Rule 12(b)(6) motion to dismiss Andrea Ide's ("Plaintiff") original complaint on March 28, 2013 [Doc. No. 17, 2]. Likewise, ACMC filed its own Rule 12(b)(6) motion to dismiss Plaintiff's original complaint on April 1, 2013 [Doc. No. 18, 2]. On April 11, 2013, Plaintiff filed an amended complaint [Doc. No. 22] pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), which states a plaintiff has

the right to amend his pleading once as a matter of course "21 days after service of a motion under Rule 12(b), (e), or (f)." Fed. R. Civ. P. 15(a)(1)(B).

Of course, Plaintiff's amended complaint "supersedes the initial complaint and becomes the operative pleading in the case." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007). Because Plaintiff's amended complaint is now the operative pleading in this action, NRP's and ACMC's respective motions to dismiss are rendered moot. *See Taylor v. Alabama*, 275 F. App'x 836, 838 (11th Cir. 2008) ("Subsequently, Plaintiffs amended their complaint and Defendants' motion to dismiss [the original complaint] became moot."). Accordingly, in the interest of maintaining clarity in the record, NRP's Motion to Dismiss [Doc. No. 17] and ACMC's Motion to Dismiss [Doc. No. 18] are hereby **DISMISSED AS MOOT**.

IT IS SO ORDERED, this 10th day of October, 2013.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE